## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  3:07cr79-WKW |
| | ) | |
| JAN PUGH THOMPSON | ) | |
| a/k/a JAN J. PUGH | ) | |

### PLEA AGREEMENT

**DEFENSE COUNSEL:**               **FDO CHRISTINE FREEMAN**

**ASSISTANT U.S. ATTORNEY:**        **NATHAN D. STUMP**

### COUNTS AND STATUTES CHARGED:

Count 1        18 U.S.C. § 2113
               Bank Larceny

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1        18 U.S.C. § 2113
               Bank Larceny

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1        18 U.S.C. § 2113
               A term of imprisonment which may not be more than 10 years, a fine not to exceed
               $250,000, or twice the gross gain to the defendant or gross loss to the victim,
               whichever is greater; or both the fine and the imprisonment; a term of supervised
               release of no more than 3 years; an assessment fee of $100.00; and restitution to any
               victims of the offense.

### ELEMENTS OF THE OFFENSE:

First:         That the defendant took and carried away money belonging to or in the care,
               custody, control, management, possession of a bank;

Second:        That at that time, the bank had its deposits insured by the Federal Deposit
               Insurance Corporation;

Third:         That the defendant took and carried away such money with the intent to steal; and

Fourth:        That such money exceeded $1,000 in value.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to follow the recommendation in the Plea Agreement, the defendant has the right to withdraw her plea of guilty.

The specific terms of the Plea Agreement are as follows:

### GOVERNMENT'S PROVISIONS

1.    For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

      a.    The base offense level is 6.  *See* U.S.S.G. § 2B1.1(a)(1).

      b.    The 2-level decrease for acceptance of responsibility applies. *See* U.S.S.G. § 3E1.1(a).

      c.    No other adjustments are applicable.

2.    The Government agrees with the defendant that the appropriate sentence in this case is a term of probation.

3.    The Government agrees to move at sentencing to dismiss the Indictment in this case.

4.    The Government further agrees not to pursue any other criminal charges against the defendant stemming from the facts that support the defendant's conviction in this case.

5.    The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

6.      The defendant agrees to plead guilty to Count 1 of the Information.

7.      The defendant further agrees not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the complete discretion of the Government.

8.      <u>Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence.</u>

a.      *Defendant's Waiver.*  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of her rights under 18 U.S.C. § 3742 to appeal the sentence in this case. The defendant specifically waives her right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Information, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives her right both to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and to attack the sentence in any post-conviction proceeding.

b.      *Exceptions.*  This waiver does not include (and the defendant expressly reserves) the right to appeal or collaterally attack her sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The defendant is released from this waiver if the Court applies an upward variance or departure, or if the Government files an appeal under 18 U.S.C. § 3742(b).

c.      *No Waiver by Government.*  Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 U.S.C. § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

3

## FACTUAL BASIS

9.    The defendant admits the allegations charged in Count 1 of the Information and understands that the nature of the charge to which the plea is offered involves proof that the defendant committed the crime of **Bank Larceny** as follows:

> On or about April 14, 2004, while employed by First American Bank, defendant JAN PUGH THOMPSON negotiated a check for $1,000 drawn on an equity line of credit account belonging to Bank customers Barbara and Ben Huguley. Although the check was supposed to be used towards the Huguley's credit card debt, defendant deposited it into her own personal checking account.
>
> Sometime between April 14, 2004 and June 11, 2004, while employed by First American Bank, defendant JAN PUGH THOMPSON charged approximately $541.10 in personal expenses to her corporate credit card and thereafter falsified expense reports in order to induce the Bank to reimburse her for the charges.
>
> In total, between April 14, 2004 and June 11, 2004, defendant JAN PUGH THOMPSON took and carried away with the intent to steal approximately $1,541.10 in money belonging to, or in the care, custody, control, management or possession of First American Bank. At that time, First American Bank had its deposits insured by the Federal Deposit Insurance Corporation. All in violation of Title 18, United States Code, Section 2113(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

10.    After conferring with her attorney and before entering a plea of guilty to Count 1, the defendant advises the Court that she understands the following to be true:

a.    The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against her, the right to call witnesses on her behalf, and the right not to be compelled to incriminate herself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

4

b.     Upon entering a plea of guilty, the defendant may be asked questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, evidence of an offer to plead guilty to the crime charged in the Information, or statements made in connection with and relevant to a guilty plea are not admissible against the defendant in any civil or criminal proceedings, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

c.     The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level and the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. The offense level and criminal history category calculated by the Probation Officer, as well as those ultimately determined by the Court, may differ from each other, or from what is projected by defendant's counsel or the Government.

d.     At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

e.     The Government has agreed to a sentence of probation, which, if the Court accepts this Plea Agreement, is binding upon the Court. If the Court decides not to accept this Plea Agreement, the defendant will be permitted to withdraw her plea of guilty.

f.     The maximum penalty allowed by law for conviction of the offense charged in Count 1 of the Information is 10 years in prison, a $250,000 fine, or twice the gross gain to the defendant or loss to the victim, whichever is greater; or both the fine and the imprisonment; 3 years on supervised release; and restitution to any victims of the offense.

g.     In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in 18 USC § 3553(a).

h.     If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office.  To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense.  The defendant further understands that by completing the financial statement, she is representing that it is true and accurate to the best of her information, knowledge, and belief.

i.     Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $100.00, which will be due and payable to the Court immediately.

j.     There is no possibility of parole in the federal prison system, and if the Court sentences the defendant to a term of imprisonment, the defendant will likely serve all or substantially all of her prison sentence.

k.     This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant.  Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

l.     This Plea Agreement and the guilty plea to be entered by the defendant are voluntary and are not the result of any force or threats and were not induced by any promises, apart from what the parties have expressly agreed upon in this written Plea Agreement.

6

## <u>REPRESENTATIONS OF THE PARTIES</u>

11.    The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

12.    The attorney for the defendant represents to the Court that she has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 10 herein, and that she is satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 26th day of October, 2007.              Respectfully submitted,

                    LEURA GARRETT CANARY
                    UNITED STATES ATTORNEY

                    Nathan D. Stump
                    Assistant United States Attorney
                    131 Clayton Street
                    Montgomery, Alabama 36104
                    Tel: (334) 223-7280
                    Fax: (334) 223-7135
                    Email: nathan.stump@usdoj.gov

7

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached.  I am satisfied that my attorney, Christine Freeman, Esq., has represented my interests in this matter competently and effectively.  IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

JAN PUGH THOMPSON
Defendant

10-26-07
Date

CHRISTINE FREEMAN, Esq.
Attorney for the Defendant

10/26/07
Date